**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Tiantian Wang,

Petitioner,

v.

John E Cantu, et al.,

Respondents.

No. CV-26-10492-PHX-JZB

**ORDER**

Pending before the Court is Petitioner's "Petition for Writ of Habeas Corpus," filed on November 16, 2026. (Doc. 1.) In the Petition, Petitioner challenges her conditions of release—including placement of an ankle monitor and a $15,000.00 delivery bond—as an unconstitutionally constructive re-detention following her release on bond on July 28, 2026, and the dismissal of her removal proceedings on October 28, 2026. *See* (*id.*) Contemporaneously with her Petition, Petitioner filed a Motion for Temporary Restraining Order on November 16, 2026. (Doc. 2.)

On November 16, 2026, this Court directed Respondents to respond to Petitioner's Motion for Temporary Restraining Order and Petition. *See* (docs. 5, 7.) On November 17, 2026, Respondents filed a Response to Petitioner's Motion for Temporary Restraining Order, wherein they provided notice that they opposed her Motion in part. *See* (doc. 9.)

On November 18, 2026, Respondents provided a "Status Update," wherein they stated:

> Petitioner and her counsel appeared at the check-in appointment as scheduled in Imperial, CA. The ankle monitor was removed, and the bond

> money is being returned to the bond sponsor. Additionally, Petitioner was reserved with a valid Notice to Appear (NTA) and is properly in removal proceedings. However, Respondents exercised our discretion and chose not to detain her at this time. She will proceed with out-of-custody removal hearings for the foreseeable future.
>
> Because Petitioner is no longer in custody, the Petition is moot. *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007).

(Doc. 10 at 1.)

Given the foregoing, Petitioner's Petition is moot in all respects except for her request for a pre-deprivation hearing if the government should seek to re-detain her. (Doc. 1 at 13.) On this matter, the Court finds—as numerous courts in the Ninth Circuit have found—that Petitioner, who was released on bond, is entitled to a pre-deprivation hearing should the government seek to re-detain her. *See Lopez v. Warden, Cent. Valley Annex*, No. 1:26-CV-07281-DC-JDP (HC), 2026 WL 3034256, at *1 (E.D. Cal. Oct. 9, 2026) (collecting cases and noting that "the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered"); *see also Valdez-Contreras v. Blanche*, No. 2:26-CV-02362-RFB-BNW, 2026 WL 2655267, at *2 (D. Nev. Sept. 9, 2026) ("Here, the Court finds it appropriate to require that, in the event DHS seeks to (re)detain Petitioner under § 1226(a), Federal Respondents must provide him with a pre-deprivation bond hearing wherein the government must prove, by clear and convincing evidence, that detention is appropriate."). Moreover, entitling Petitioner to a pre-deprivation hearing falls squarely within this Court's authority to "dispose of the matter as law and justice require." 28 U.S.C. § 2243.

Therefore, the Court shall grant Petitioner's request that she be provided with a pre-deprivation hearing prior to any attempt to re-detain her. In all other respects, Petitioner's Petition is moot, and shall be denied as such. *See Abdala v. Immigr. & Naturalization Serv.*, 488 F.3d 1061, 1064 (9th Cir. 2007).

Accordingly,

**IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (doc. 1) is **GRANTED** in part and **DENIED AS MOOT** in part.

**IT IS FURTHER ORDERED** that, absent a significant change in Petitioner's circumstances, Respondents and their agents are enjoined from re-detaining Petitioner without **SEVEN (7) DAYS** prior notice and an opportunity for Petitioner to be heard by a neutral decisionmaker on the reasons for the re-detention and consideration of bond. Nothing in this Order restricts Respondents' authority under 8 U.S.C. § 1231(a) once Petitioner's removal period begins.

**IT IS FURTHER ORDERED** all pending motions are denied as moot and the Clerk of Court must enter judgment accordingly and close this case.

Dated this 23rd day of November, 2026.

Honorable John Z. Boyle
United States Magistrate Judge